## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kylie Braun,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Coast Professional, Inc., *a foreign corporation*,<br><br>　　　　　Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.　This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION

2.　Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

3.　Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.　Plaintiff Kylie Braun ("Braun" or "Plaintiff") is a natural person residing in the County of Wright, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.　Defendant Coast Professional, Inc. ("CP" or "Defendant"), upon information and belief, is a foreign corporation that operates as a debt collection agency from an

address of 214 Expo Circle, Suite 7, West Monroe, Louisiana 71292.  CP is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.     Plaintiff allegedly incurred a financial obligation with Montana State University, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7.     The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8.     Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before April 2011.

9.     On or about April 25, 2011, CP sent Plaintiff a letter in an attempt to collect a debt, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10.    In the letter dated April 25, 2011, CP wrote the following:

> Principal:  $12924.94
>
> . . .
>
> Collection Fee: $3231.24.
>
> *See* Exhibit 1.

11.    The "Collection Fee" is 25 percent of the balance of the "Principal" allegedly owed by Plaintiff and is a contingent fee charged by CP.

12.    CP violated 15 U.S.C. § 1692e(2)(A) because the "Collection Fee" was not a cost of collection.

2

13.   CP violated 15 U.S.C. § 1692e(2)(B) because the "Collection Fee" was not a cost of collection.

14.   CP violated 15 U.S.C. § 1692e(10) because CP employed false and deceptive means in an attempt to collect a debt by imposing a "Collection Fee" that was not a cost of collection.

15.   CP violated 15 U.S.C. §  1692f(1) because the "Collection Fee" was not expressly authorized by agreement or permitted by Minnesota state law.  *See Deloris Kojetin v. C U Recovery, Inc.*, 07-cv-2273 (JRT/RLE) (Minn. D. March 29, 1997) *affirmed* 212 F.3d 1318 (8th Cir. 2000) (collection agency's contingent fee violated 15 U.S.C. § 1692f(1)).

16.   CP's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress damages, which include but are not limited to, humiliation, anxiety, and stress at home and at Plaintiff's work.

17.   Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of CP's acts and omissions.

## **TRIAL BY JURY**

18.   Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## **CAUSES OF ACTION**

## **COUNT I.**

## **VIOLATIONS OF THE**
## **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

19.   Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

20.   The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

21.   As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

22.   As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

23.   As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  November 17, 2011.                **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
      Patrick L. Hayes (0389869)
      William C. Michelson (129823)
      Attorneys for Plaintiff
      3101 Irving Avenue South
      Minneapolis, Minnesota 55408
      Telephone: 612-821-4817
      phayes@marsomichelson.com